IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| JONATHAN WAYNE VIECELLI, ) | |
| ) | Case No. 4:07CV00031 |
| Appellant, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| WILLIAM F. SCHNEIDER, ) | |
| Chapter 7 Trustee ) | By: Jackson L. Kiser |
| ) | Senior United States District Judge |
| Appellee. ) | |

This case arises on appeal from the United States Bankruptcy Court for the Western District of Virginia, from a decision rendered by Bankruptcy Judge William E. Anderson. The Bankruptcy Judge granted a motion by the Chapter 7 Trustee for an Order compelling the debtor to turnover certain funds, and the debtor appealed the Order. The parties have agreed to submit the case on brief without oral argument, and this appeal is therefore ripe for decision.

For the reasons stated below, I **AFFIRM** the judgment of the Bankruptcy Judge.

**I.     STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Appellant Jonathan Wayne Viecelli filed an individual Chapter 7 bankruptcy petition on November 21, 2006. In December 2005, Appellant and his wife agreed to a voluntary separation, but continued to jointly file their tax returns. During 2006, Appellant earned an adjusted gross income of $24,985.00, and his wife had no earnings. After applying the standard deduction and personal exemptions, the joint couple's federal taxable income was $1,485.00. The federal tax due was therefore $149.00. Appellant had paid $1,995.00 in taxes during the year, and there was also a credit of $60.00 due for telephone excise taxes paid. Finally, Appellant and his wife received two earned income tax credits ("EICs"), one at $2,816.00 and another at $1,851.00, the latter due in part to the number of children in the household.

Appellant and his wife received a federal refund of $6,722.00, and a $940.00 refund from the Commonwealth of Virginia, for a total refund of $7,662.00. These funds were received and deposited by Appellant into a joint savings account shared with his wife. Appellant failed to timely file a homestead deed exempting the refund income or any portion thereof from the bankruptcy estate. The Chapter 7 trustee, William F. Schneider ("Trustee"), filed a motion to compel the turnover of $3,313.00, which is the one-half portion of the income tax refunds earned during the pre-petition period. The Bankruptcy Court granted the Motion, and this appeal ensued.

## II. STANDARD OF REVIEW

On an appeal from a bankruptcy court, a district court applies two standards of review. As to findings of fact, the district court must apply the clearly erroneous standard of review. Fed. R. Bankr. P. 8013; *Canal Corporation v. Finnman* (*In Re Johnson*), 960 F.2d 396, 399 (4th Cir. 1992). A finding of fact is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). The district court reviews the bankruptcy court's conclusions of law *de novo*, however. *In re Johnson*, 960 F.2d at 399 (4th Cir. 1992); *Resolution Trust Corp. v. C & R., L.C.*, 165 B.R. 593, 595 (W.D. Va. 1994). Moreover, if the appellate court considers a ruling over which the bankruptcy court exercised its discretion under the Bankruptcy Code, that finding is reviewed under an abuse of discretion standard. *In re Suthers*, 173 B.R. 570, 572 (W.D. Va. 1994); *In re Jackson*, 190 B.R. 808, 810 (W.D. Va. 1995). Similarly, the decision to admit evidence at trial is committed to the sound discretion of the trial court and is subject to reversal only if the court abuses that discretion. *United States v. Howard-Arias*, 679 F.2d 363, 366 (4th Cir. 1982).

## III.     DISCUSSION

The root question in this appeal is whether tax refunds that result from the receipt of EICs are part of the bankruptcy estate, and therefore subject to turnover to the Trustee. The Bankruptcy Judge found that such refunds were "property of the estate," and issued an order compelling their turnover to the Trustee. I agree.

This is a question of statutory interpretation. It can be answered by application of the canon of construction *expressio unius est exclusio alterius*. 11 U.S.C. § 541(a) (2007) provides that "all legal and equitable interests of the debtor" comprise the bankruptcy estate, subject to a specific list of exceptions found in § 541(b) of that Title. EICs are not found in the enumerated list of exceptions, and therefore such funds are properly part of the bankruptcy estate, so long as they may properly be termed a "legal or equitable interest" of the debtor. Other courts concur in this view. *In re Montgomery*, 224 F.3d 1193, 1195 (10th Cir. 2000); *In re Johnston*, 209 F.3d 611, 613 (6th Cir. 2000) (following the Bankruptcy Appellate Panel ruling affirmed in *Montgomery*); *In re Whitmer*, 228 B.R. 841, 843-44 (Bankr. W.D. Va. 1998); *see also Magar v. United States*, No. 7:07CV00111, 2007 U.S. Dist. LEXIS 55420, at *3 n.2 (W.D. Va. July 31, 2007) (approving the holding in *Whitmer*).

Where Congress has created a discrete list of exceptions to a general rule, it is axiomatic that the list contains the exclusive list of exceptions to the rule. There is no catch-all provision at the end of the list of exceptions in 11 U.S.C. § 541 that would require the Court to interpret the statute beyond its plain meaning. Simply put, a plain reading of the statute and the weight of case law in this and other courts supports the interpretation that EICs are not excepted from the bankruptcy estate.

All that is left to determine is whether Appellant did in fact have a "legal or equitable"

ownership interest in the EICs deposited in his joint bank account with his wife. As the Bankruptcy Court noted, Appellant had an ownership interest in at least some portion of the EICs because he was a co-filer of the tax return that generated the refunds. *In re Viecelli*, No. 06:61806-LYN, at *6 (Bankr. W.D. Va. June 15, 2007). He was required to be a co-signatory on the savings account into which the funds were deposited and could have taken them out for his own use. Finally, he had "possession, custody and control over the refunds during the pendency of this case." *Id.*

Appellant contends that this conclusion "makes new law," and will "take government welfare money from children and give it to the trustee and creditors." Brief of Appellant at 4. As to his first point, Appellant is only correct inasmuch as neither the Fourth Circuit nor the United States Supreme Court has clearly addressed this question. However, cases in this District (e.g., *Magar*) as well as in our bankruptcy courts have already addressed this issue. This interpretation is nothing "new" to this Court. Without any textual argument to interpret the Code to exclude EICs from the bankruptcy estate, the proper forum for Appellant's argument is in the halls of Congress, not the courts. While I certainly understand Appellant's concern that perhaps Congress, considering his unique situation and the needs of his children, would have legislated an exception to cover his case, there is no evidence that they did so. In any case, this Court is bound to apply the law as it is written.

Finally, Appellant asks the Court to distinguish two decisions in other circuits that are on point and persuasive – the *Johnson* and *Montgomery* cases – but he provides no basis for distinguishing them. Similarly, I have no reason to distinguish these cases, and so I will follow their lead and affirm the Bankruptcy Judge.

## IV. CONCLUSION

For the reasons stated above, an *Order* will be entered **AFFIRMING** the holding of the Bankruptcy Court in this case. The Clerk is directed to send a copy of this *Memorandum Opinion* and the accompanying *Order* to the Bankruptcy Court and to all counsel of record. The Clerk is to strike this case from the active docket of this Court.

Entered this 26th day of October, 2007.

s/Jackson L. Kiser  
Senior United States District Judge